IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KERMIT GABEL,

        Plaintiff,

  vs.                                  Civil Action 2:12-cv-597
                                        Judge Watson
                                        Magistrate Judge King

DR. STUART HUDSON, *et al.*,

        Defendants.

ORDER and
REPORT AND RECOMMENDATION

        Plaintiff, an inmate at the Marion Correctional Institution ["MCI"], brings this civil rights action under 42 U.S.C. § 1983 in connection with the claimed denial of plaintiff's constitutional right to medical and dental care.  Plaintiff also asserts a supplemental state law claim of negligence.  This matter is now before the Court for the initial screen of the *Complaint*, Doc. No. 5, required by 28 U.S.C. §§ 1915(e), 1915A.

        Plaintiff alleges that he suffers from serious, and worsening, back and hip impairments. Injections for pain relief had been administered on several occasions by personnel at the Corrections Medical Center ["CMC"], but plaintiff was eventually referred to the Ohio State University Medical Center ["OSU"] for those injections.  Plaintiff underwent several procedures at OSU in 2010 and 2011 and experienced immediate pain relief.  However, defendant Hudson, the Chief of the Bureau of Medical Services of the Ohio Department of Rehabilitation and Correction ["ODRC"], allegedly denied permission for further treatments at OSU.  Defendant Lyons, the Medical Director at MCI, "has done nothing

to assist this plaintiff [in obtaining] treatment. . . ." *Complaint*, Doc. No. 5, ¶ 39.

Plaintiff also alleges that defendant Finney, a contract dentist at MCI, refused to replace a filling that had fallen out, and instead indicated only that he would extract the affected tooth. *Id*. at ¶¶ 47-49. Plaintiff alleges that, in refusing to replace the filling, this defendant has denied plaintiff his constitutional right to dental care and, moreover, has violated a consent decree issued by this Court.[1] Plaintiff also alleges that he has been diagnosed with gum disease but that the condition has not been treated. *Id*. at ¶64. According to plaintiff, defendants Lyons and Huling, the Director of Dental Services for ODRC, failed to provide "proper supervision" of defendant Finney and failed to order him to replace plaintiff's filling, thereby rendering these defendants equally liable for the claimed denial of dental care. *Id*. at ¶ ¶74-75. Plaintiff also appears to assert a similar claim against defendant Castaneda, a former Health Care Administrator at MCI. *Id*. at ¶ 78. The *Complaint* seeks injunctive relief and suggests monetary relief as well. *Id*. at p.12.

Plaintiff's supplemental state law claim of negligence cannot proceed in this Court against the defendant state officials unless and until the Ohio Court of Claims has determined that the state officials are not entitled to civil immunity under O.R.C. § 9.86. *See* O.R.C. § 2743.02(F); *Leaman v. Ohio Dept. of Mental Retardation & Developmental*

---

[1] *See Stipulation for Injunctive Relief*, *Fussell v. Wilkinson,* 1:03-cv-704 (S.D. Ohio November 22, 2005), Doc. No. 140. That order contemplates "an in-depth study of the existing dental program [maintained by the ODCR], [in order to] identify areas of need, and make recommendations." *Id*. at ¶112. Those recommendations "shall be incorporated into" the Stipulation and "become binding and enforceable . . . ." *Id*. at ¶113.

*Disabilities,* 825 F.2d 946, 952-53 (6th Cir. 1987). *See also Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989); *Johns v. University of Cincinnati Med. Assocs.,* 804 N.E.2d 19, 24 (Ohio 2004).  Although the Court expresses no opinion, on the present record, whether defendant Finney may properly be characterized as a state official entitled to this protection, it is clear that, to the extent that the claim of negligence is asserted against the remaining defendants, that state law claim cannot proceed at this point.  It is therefore **RECOMMENDED** that the state law claim of negligence be dismissed as against defendants Hudson, Lyons, Huling and Castaneda.

At this juncture, the Court concludes that the action can proceed as against all named defendants on plaintiff's federal constitutional claims of denial of medical and dental care under 42 U.S.C. § 1983.

The United States Marshal Service is **DIRECTED** to effect service of process, by certified mail, on each of the named defendants, who shall have forty-five (45) days after service of process to respond to the *Complaint*.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King  
Norah M<sup>c</sup>Cann King  
United States Magistrate Judge

DATE: July 9, 2012