IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KERMIT GABEL,**

    **Plaintiff,**

vs.                Civil Action 2:12-cv-597
                     Judge Watson
                     Magistrate Judge King

**DR. STUART HUDSON,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

On July 9, 2012, the United States Magistrate Judge issued an *Order and Report and Recommendation* recommending that the state law claim of negligence be dismissed as against defendants Dr. Stuart Hudson, Dr. Ralph Lyons, Dr. Huling and Ed Castaneda, but permitted this claim, as asserted against defendant Dr. Miles Finney, to proceed. This matter is before the court on objections filed by plaintiff, Doc. No. 12, and by the State of Ohio, Doc. No. 11, making a special appearance pursuant to O.R.C. § 109.361. The Court will consider these objections *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

I. **BACKGROUND**

Plaintiff, an inmate at the Marion Correctional Institution ("MCI"), brings this civil rights action under 42 U.S.C. § 1983 in connection with the claimed denial of plaintiff's constitutional right to medical and dental care. Plaintiff also asserts a

supplemental state law claim of negligence.

Plaintiff alleges, *inter alia*, that defendant Finney, a contract dentist at MCI, refused to replace a filling that had fallen out, and instead indicated only that he would extract the affected tooth. *Complaint*, Doc. No. 5, ¶¶ 47-49. Plaintiff alleges that, in refusing to replace the filling, this defendant has denied plaintiff his constitutional right to dental care and, moreover, has violated a consent decree issued by this Court.[1] Plaintiff also alleges that he has been diagnosed with gum disease but that the condition has not been treated. *Id.* at ¶64.

The Magistrate Judge concluded that plaintiff's supplemental state law claim of negligence could not proceed in this Court against the defendant state officials unless and until the Ohio Court of Claims had determined that the state officials are not entitled to civil immunity under O.R.C. § 9.86. *Order and Report and Recommendation*, p. 2 (citing O.R.C. § 2743.02(F)); *Leaman v. Ohio Dept. of Mental Retardation & Developmental Disabilities,* 825 F.2d 946, 952-53 (6th Cir. 1987); *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989); *Johns v. University of Cincinnati Med. Assocs.,* 804 N.E.2d 19, 24 (Ohio 2004)). The Magistrate Judge expressed no opinion, based on the present record, whether defendant Finney may properly be characterized as a state official entitled to this protection. *Id.* at 3.

---

[1]*See Stipulation for Injunctive Relief, Fussell v. Wilkinson,* 1:03-cv-704 (S.D. Ohio November 22, 2005), Doc. No. 140. That order contemplates "an in-depth study of the existing dental program [maintained by the ODCR], [in order to] identify areas of need, and make recommendations." *Id.* at ¶112. Those recommendations "shall be incorporated into" the Stipulation and "become binding and enforceable . . . ." *Id.* at ¶113.

2

However, the Magistrate Judge concluded that it was clear that, to the extent the claim of negligence is asserted against the remaining defendants, that state law claim could not proceed. *Id.* It was therefore recommended that the state law claim of negligence be dismissed as against defendants Hudson, Lyons, Huling and Castaneda.[2]

## II. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's conclusion that the state law claim of negligence cannot proceed against the defendant state officials until the Ohio Court of Claims has determined that the state officials are not entitled to civil immunity under O.R.C. § 2743.02(F). Doc. No. 12, p. 1.[3] In so objecting, plaintiff points out that he previously attempted to adjudicate these claims in the Ohio Court of Claims. *Id.* (citing to *Complaint*, ¶ 3 and *Exhibit 1*, attached thereto). In that state action, which named Ohio Department of Rehabilitation and Corrections as a defendant, plaintiff asserted a claim of professional malpractice by Dr. Finney and asserted that the dental treatment that he received violated the Eighth Amendment right to be free from cruel and unusual punishment. *Exhibit 1*, p. 1, attached to *Complaint*. The Ohio Court of Claims first noted that it lacked jurisdiction to consider plaintiff's Eighth Amendment claim. *Id.* at 1-2. The state court also concluded that,

---

[2] The Magistrate Judge also concluded that the action could proceed as against all named defendants on plaintiff's federal constitutional claims of denial of medical and dental care under 42 U.S.C. § 1983. *Id.*

[3] After first identifying the state law claim of negligence as the subject of his objection, plaintiff later erroneously represents that the Magistrate Judge concluded that the federal claim could not proceed. *Id.*

3


because plaintiff asserted a dental claim, he was required to file an affidavit of merit pursuant to Ohio Civ. R. 10(D)(2). *Id.* at 3. Because plaintiff did not submit an affidavit of merit as required by that rule, the state court concluded that plaintiff had failed to state a claim for relief. *Id.* (citing *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St. 3d 167 (2008)). The Ohio Court of Claims therefore dismissed plaintiff's Eighth Amendment claim for lack of subject matter jurisdiction and dismissed plaintiff's dental claim without prejudice. *Id.* at 3.

Plaintiff represents that he cannot afford to obtain an expert to provide the required affidavit of merit and argues that the Ohio Court of Claims has "refused to rule on immunity issue because the plaintiff is indigent." Doc. No. 12, p. 2. Plaintiff also argues that the state court's failure to rule on his claims "opens the door" for this Court to adjudicate his state claim of negligence. *Id.*

Plaintiff's objections are without merit. As the Magistrate Judge correctly concluded, this Court cannot adjudicate plaintiff's state claim of negligence unless and until the Ohio Court of Claims determines that the state officials are not entitled to civil immunity under O.R.C. § 9.86. *Order and Report and Recommendation*, p. 2. Plaintiff has cited to no case law, and this Court is unaware of any authority, that permits this Court to adjudicate plaintiff's negligence claim in the absence of a finding on the issue of immunity by the Ohio Court of Claims. This is particularly true where the Ohio Court of Claims dismissed plaintiff's dental claim for failure to comply with the Ohio Rules of Civil Procedure. *See Exhibit 1*, p. 3 (dismissing where, *inter*

4

*alia*, plaintiff failed to submit an affidavit of merit in accordance with Ohio Civ. R. 10(D)(2)). Indeed, district courts in this circuit have previously dismissed such *pro se* claims for failure to comply with Ohio Civ. R. 10(D)(2). See, e.g., *Johnson v. Rehab. Servs.*, No. 1:10-cv-554, 2011 U.S. Dist. LEXIS 80660, at *8-9 (S.D. Ohio July 25, 2011) (dismissing *pro se* plaintiff's medical malpractice claim for failure to submit affidavit of merit); *Perotti v. Medlin*, NO. 4:05CV2739, 2009 U.S. Dist. LEXIS 20762, at *5-6 (N.D. Ohio Mar. 16, 2009) (dismissing plaintiff inmate's state medical malpractice claims in the absence of the required affidavit of merit). Because plaintiff has not established that this condition precedent to his state law claim of negligence has been met, "there is no claim under Ohio law upon which relief may be granted. . . ." *Haynes*, 887 F.2d at 705. See also *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 460 n. 3 (6th Cir. 2000). Finally, the Court disagrees with plaintiff's assertion that a prior a dismissal without prejudice in the Ohio Court of Claims based on a failure to comply with Ohio Civ. R. 10(d)(2) forever bars a plaintiff's claim or is otherwise unfair. See, e.g., Ohio Civ. R. 10(D)(2)(d) (providing that a dismissal for failure to comply with this rule is "a failure otherwise than on the merits"); O.R.C. § 2305.19(A) (permitting a claim that "fails otherwise than upon the merits" to "commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later").

### III. THE STATE OF OHIO'S OBJECTIONS

As noted *supra*, the Magistrate Judge expressed no opinion, based on the present record, whether defendant Finney may properly be characterized as a state official entitled to civil immunity under O.R.C. § 9.86; she therefore permitted the state law claim of negligence to proceed against defendant Finney. *Order and Report and Recommendation*, p. 3. The State of Ohio now objects to the Magistrate Judge's decision in this regard, arguing that defendant Finney enjoys the same personal immunity as the other defendants. Doc. No. 11, pp. 2-3. In support of this position, the State of Ohio notes that the *Complaint* avers that defendant Finney was contracted by the state to provide dental care to MCI inmates. *Id*. at 2 (citing *Complaint*, ¶ 44). The State contends that, for purposes of Ohio immunity statutes, an Ohio "officer" or "employee" includes a person rendering dental services "pursuant to a personal services contract or purchased service contract with a department, agency, or institution of the state." *Id*. (quoting O.R.C. § 109.36(A)(1)(b)). Therefore, the State argues, defendant Finney – who is alleged by plaintiff to be a contracted dental care provider – is entitled to the same personal immunity as the other defendants. *Id*. at 3.

The State of Ohio's objection is well-taken. Plaintiff's allegations describe defendant Finney as a state "officer" or "employee" for purposes of O.R.C. § 109.36(A)(1)(b). This definition, in turn, applies to the term "state employee" as it appears in O.R.C. § 9.86. *See, e.g., Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d

541, 543 (2006). Defendant Finney is therefore entitled to immunity on plaintiff's state law claim of negligence.

Accordingly, the State of Ohio's objection, Doc. No. 11, is **SUSTAINED**. The state law claim of negligence as against defendant Finney is **DISMISSED**. With that exception, the *Order and Report and Recommendation*, Doc. No. 7, is **ADOPTED and AFFIRMED**.

In light of this ruling, the motion of defendants Hudson, Finney and Huling to stay the deadline for their response to the *Complaint*, Doc. No. 20, which was originally due on August 30, 2012, is **MOOT**. These defendants and defendant Lyons[4] may have fourteen days from the date of this *Opinion and Order* in which to file a response to plaintiff's *Complaint*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
Michael H. Watson, Judge
United States District Court

---

[4]The State of Ohio represents that defendant Lyons, who has received service of process, Doc. No. 15, has not formally requested representation from the Ohio Attorney General's Office. Doc. No. 20, p. 2 n.2. However, the Ohio Attorney General has joined defendant Lyons in the requested extension of time pursuant to its authority to enter an appearance in a case to represent its interest even where there has been no such request by the defendant employee. *Id.* (citing O.R.C. § 109.361).